Andrew J. Vazquez, Esq. SB#175005
P.O. Box 2199
Pasadena, CA 91102
(626) 683-2288
ajvlegal@gmail.com
Attorney for Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| Valerio Mejia<br><br>Petitioner,<br>v.<br><br>Warden Adelanto ICE Process Ctr; Acting Dir ICE; Dir LA Field Ofc ERO; Sec DHS; US AG,<br><br>Respondents. | Case No.: 5:26-cv-5705<br>Agency No.: A#221-462-989<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

1. Petitioner, Valerio Mejia, is being unlawfully detained without statutory or constitutional authority. On 09/17/2026, ICE agents conducted a traffic stop on Petitioner's vehicle in Fontana, California, claiming they were looking for a "Valero Mejia" and had a warrant for his arrest. When Petitioner asked to see a warrant with his name, the arresting officer claimed his partner had it, yet no warrant was ever produced. Despite verifying that Petitioner's identity did not match the name on the alleged warrant, agents took him into custody. At the time of the stop, no Notice to Appear (NTA) had ever been issued to Petitioner. Moreover, Petitioner is not subject to a final administrative order of removal and has never been ordered removed by an Immigration Judge.

2. During his processing, Petitioner exercised his constitutional rights and did not state a country of origin. Despite this refusal, ICE officers unilaterally recorded "Mexico" on his administrative intake documents without factual basis, verification, or legal authorization.
3. Respondents lack statutory authority under the Immigration and Nationality Act (INA) to execute or maintain Petitioner's detention. Because the seizure itself lacked probable cause and was executed without a valid warrant for Petitioner, the initial arrest was unconstitutional. In addition, ICE's actions directly violate a District Court class action order issued on 09/16/2026, which prohibits ICE from detaining individuals without a warrant or probable cause to believe they are a flight risk. Consequently, the mere fact of Petitioner's ongoing physical custody violates the Fourth and Fifth Amendments, as well as standing judicial orders.
4. Accordingly, to vindicate Petitioner's constitutional and statutory rights, this Court should grant this petition for a writ of habeas corpus and order his immediate release.

## II. JURISDICTION

5. This action is brought pursuant to the Constitution of the United States and the Immigration & Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.
6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause).
7. This Court may grant relief under 28 U.S.C. § 2241 et seq. (Habeas Corpus), 28 U.S.C. § 2201 et seq. (Declaratory Judgment Act), and 28 U.S.C. § 1651 (All Writs Act).

## III. VENUE

8. Venue is proper under 28 USC §1391(e) and 28 USC §2241 because Petitioner is currently detained at the Adelanto ICE Processing Center, within the Eastern Division of the Central District of California. In addition, a substantial part of the events giving rise to Petitioner's claims (specifically his unlawful arrest) occurred in Fontana, California, within this District.

**IV. GENERAL ORDER NO. 26-05 / 28 U.S.C. § 2243**

9. Pursuant to Central District of California General Order No. 26-05, entered on 04/01/2026, the traditional immediate Return requirement under 28 USC §2243 is governed by an expedited master briefing schedule. Respondents are directed to show cause why the writ of habeas corpus should not be granted under the following standing administrative parameters: Counsel for Respondent shall file a notice of appearance within 3 calendar days of the scheduling notice; Respondent shall file an answer to the habeas petition no later than 7 calendar days from the notice; Petitioner's reply shall be filed no later than 3 calendar days after the answer is filed. *A stay of removal from the District or the United States is hereby requested pursuant to the Court's inherent equitable powers, Gen. Order 26-05 paragraph 6 notwithstanding. See* Nken v. Holder, 556 U.S. 418, 426 (2009)(affirming federal courts' inherent authority to issue stays pending judicial review).

10. Courts have long recognized the significance of habeas corpus in protecting individuals from unlawful executive detention. "The Great Writ...is the precious safeguard of personal liberty, and there is no higher duty than on such applications to insure that no person be deprived of his liberty in violation of the Constitution." Fay v. Noia, 372 U.S. 391, 400 (1963).

## V. PARTIES

11. Petitioner, Valerio Mejia, is an individual currently held in federal immigration custody at the ICE Processing Center in Adelanto, San Bernardino County, California. Petitioner has not designated or declared a country of origin.
12. Respondent Warden of GEO Group's ICE Processing Center in Adelanto, California. Named by title pursuant to FRCP 17(d). Respondent Warden has immediate physical custody and control of Petitioner.
13. Respondent Acting Director, Immigration and Customs Enforcement. Named by title pursuant to FRCP 17(d). Respondent Acting Director is a legal custodian of Petitioner and has the lawful authority to order Petitioner's release.
14. Respondent Director of the Los Angeles Field Office, Enforcement and Removal Operations (ERO), ICE. Named by title pursuant to FRCP 17(d). Respondent Director oversees enforcement actions within this District and is a legal custodian of Petitioner.
15. Respondent Secretary of Homeland Security. Named by title pursuant to FRCP 17(d). The Secretary is responsible for the administration and enforcement of the INA and oversees ICE.
16. Respondent Attorney General of the United States. Named by title pursuant to FRCP 17(d). The Attorney General oversees the Executive Office for Immigration Review (EOIR) and has statutory authority over immigration custody determinations.

## VI. STATEMENT OF FACTS

17. On September 17, 2026, Petitioner was driving to a jobsite in Fontana, California.
18. Immigration and Customs Enforcement (ICE) agents operating an unmarked SUV executed a traffic stop on Petitioner's vehicle.

19. Upon the officers initiating their lights, Petitioner immediately pulled over his vehicle and did not flee, fully cooperating with the stop.
20. After stopping the vehicle, ICE agents questioned Petitioner and subjected him to a pat-down search. During this search, agents retrieved Petitioner's valid California driver's license from his person.
21. The arresting ICE agent stated that they were looking for an individual named "Valero Mejia" and claimed to have a warrant for him.
22. Petitioner fully complied with all officer directives. Reviewing Petitioner’s California driver's license, the agent verified Petitioner's identity as "Valerio" not the "Valero" named by the officers.
23. Noting this discrepancy, Petitioner explicitly asked the arresting officer to produce the warrant bearing his actual name. The officer stated that his partner possessed the warrant. However, neither the arresting officer nor his partner ever produced or served the warrant on Petitioner.
24. The officer asked Petitioner “where are you from?” Petitioner answered “Riverside”. Then the officer asked “what country are you from?” and Petitioner did not answer.
25. Despite verifying that Petitioner's legal name on his California driver’s license was Valerio, not the name the officers claimed was on the unproduced warrant, and not verifying any country of origin, agents placed Petitioner in handcuffs and took him into physical custody.
26. At the time of the stop, no immigration Notice to Appear (NTA) had ever been issued to Petitioner.

27. Following his arrest, Petitioner was transported to an ICE processing facility in San Bernardino.

28. During intake questioning, Petitioner exercised his constitutional rights and did not provide or declare any country of origin.

29. Despite Petitioner's refusal, ICE officers unilaterally recorded "Mexico" as his country of origin on administrative intake documentation without any supporting evidence, identity documents establishing citizenship, or legal verification.

30. Petitioner was subsequently transferred to the Adelanto ICE Processing Center where he remains detained.

31. Petitioner is not subject to a final administrative order of removal, nor has he ever been ordered removed by an Immigration Judge.

## VII. LEGAL ARGUMENT

### A. PETITIONER'S ARREST VIOLATED THE FOURTH AMENDMENT BECAUSE IT WAS EXECUTED WITHOUT PROBABLE CAUSE OR A VALID WARRANT

32. The Fourth Amendment protects individuals against unreasonable searches and seizures by government officials. U.S. Const. amend. IV. An administrative arrest by immigration officers requires probable cause to believe that the person seized is an alien unlawfully present in the United States. *See* 8 USC §1357(a)(2); United States v. Brignoni-Ponce, 422 U.S. 873, 881-82 (1975). Moreover, a lawful investigatory stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Florida v. Royer, 460 U.S. 491, 500 (1983).

33. ICE agents seized Petitioner during a traffic stop based on a claim that they possessed a warrant for a different individual named "Valero Mejia." Once agents inspected

Petitioner's valid California driver's license and verified his identity as "Valerio," any reasonable suspicion supporting the initial stop regarding that targeted identity immediately dissipated. Under established Ninth Circuit law governing immigration stops, when an initial investigatory stop fails to yield evidence of unlawful presence or alienage, officers cannot continue the detention without independent reasonable suspicion. *See* United States v. Manzo-Jurado, 457 F.3d 928, 939–40 (9th Cir. 2006) (noting that where an initial investigatory stop reveals no evidence supporting a suspicion of unlawful presence, continued detention violates the Fourth Amendment); *see also* Gonzalez v. ICE, 975 F.3d 788, 819 (9th Cir. 2020) (indicating that ICE officers cannot rely on checking computer databases alone but must possess specific, articulable facts establishing probable cause of unlawful presence before executing an administrative arrest).The arresting agents did not verify that Petitioner was the subject they were targeting; failed to produce any warrant when explicitly requested by Petitioner, offering only the deflection that a partner had it. The failure to produce a warrant for Petitioner, combined with the verified difference in identity, completely extinguished any lawful authority to execute an arrest.

34. Continuing to detain, search, handcuff, and transport Petitioner after confirming he was not the subject of the alleged warrant, and without ever producing a valid warrant in his name, transformed an investigatory stop into a full custodial arrest completely devoid of probable cause. This constitutes a invalid and unreasonable seizure under the Fourth Amendment.

**B. PETITIONER'S DETENTION DIRECTLY VIOLATES THE DISTRICT COURT'S SEPTEMBER 16, 2026 CLASS ACTION ORDER**

35. On 09/16/2026, (the day before Petitioner's unlawful arrest) District Court Judge Maame Ewusi-Mensah Frimpong issued a class action order strictly enjoining ICE from detaining any individual without a valid warrant or probable cause to believe that they are a flight risk. Vasquez Perdomo v. Mullin, No. 2:25-cv-05605-MEMF-SP (C.D. Cal. Sept. 16, 2026) (Amended Order Granting in Part Plaintiffs' Motion for Preliminary Injunction).

36. Respondents completely ignored and violated this standing order. First, as established above, no valid warrant was ever produced or served on Petitioner.

37. Second, there was no probable cause to believe Petitioner was a flight risk. Upon the ICE agents initiating their lights, Petitioner immediately pulled his vehicle over, did not attempt to flee, and fully complied with all officer directives.

38. By holding Petitioner in custody without a valid warrant and absent any probable cause to suggest he was a flight risk, Respondents are acting in direct contempt of the District Court's 09/16/2026, order.

### C. RESPONDENTS LACK STATUTORY AND CONSTITUTIONAL AUTHORITY TO DETAIN PETITIONER (FIFTH AMENDMENT DUE PROCESS)

39. The Due Process Clause of the Fifth Amendment forbids the government from depriving any person of liberty without due process of law. Freedom from bodily restraint lies at the core of the liberty protected by the Due Process Clause. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

40. Executive detention of noncitizens is strictly constrained by the Immigration and Nationality Act. Under 8 USC §1231, the government has authority to detain individuals subject to a final order of removal. Petitioner is not subject to a final order of removal.

41. Even where detention is purportedly initiated under 8 U.S.C. § 1226(a), the power to detain is inherently derived from a lawful arrest and legitimate statutory authority. Under 8 U.S.C. § 1357(a)(2), a warrantless immigration arrest is authorized *only* if officers have reason to believe the individual is in the United States in violation of law *and* is "likely to escape before a warrant can be obtained for his arrest." Where, as here, the initial stop and arrest were executed without probable cause, without an NTA having ever been issued, without a produced warrant, and in clear violation of both the Fourth Amendment and a standing District Court order, the resulting detention is fundamentally unlawful. *See* Tejeda-Mata v. INS, 626 F.2d 721, 724–25 (9th Cir. 1980) (holding that a warrantless immigration arrest under § 1357(a)(2) requires both probable cause that the noncitizen is unlawfully present and specific facts showing the individual is likely to escape before a warrant can be obtained).

42. The illegality of this detention is compounded by the fact that it was fueled by a unilaterally fabricated entry of nationality on administrative intake documents. ICE officers cannot generate legal authority to detain an individual by unilaterally inserting a nationality ("Mexico") on intake papers when the detainee has exercised his right to not answer questions and no documentary proof of alienage exists. The Ninth Circuit recognizes a clearly established due process right not to be subjected to a deprivation of liberty based on evidence deliberately fabricated by the government. *See* Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001)(due process right not to be subject to criminal charges based on fabricated evidence by the government).

43. Holding Petitioner in physical custody based on an unconstitutional seizure and a fabricated intake record violates fundamental Substantive and Procedural Due Process.

Because the threshold arrest and processing were heavily tainted by constitutional violations, Petitioner's ongoing incarceration at Adelanto is unlawful per se under the Fifth Amendment.

### D. RESPONDENTS MUST BE ORDERED TO SERVE ALL EXISTING AND FUTURE ADMINISTRATIVE DOCUMENTS DIRECTLY ON HABEAS COUNSEL WITHOUT REQUIRING FORM G-28

44. Petitioner is currently represented by undersigned counsel in this federal habeas corpus proceeding challenging the fundamental legality of his arrest and detention. Petitioner is additionally represented by separate counsel in administrative proceedings before the Executive Office for Immigration Review (EOIR), who will file a Form G-28 for the purpose of establishing representation and facilitating access to Petitioner involving EOIR matters.

45. To ensure due process, safeguard Petitioner's right to effective representation before this Court, and avoid administrative delays or ex parte communication by executive agencies with a detained petitioner, Respondents must be ordered to serve undersigned habeas counsel directly with copies of all administrative records, notices, decisions, and charging documents. A petitioner's statutory right to counsel in habeas corpus actions is protected by federal statute, *see* 18 USC §3006A(a)(2)(B), and an order directing service on record counsel is necessary to safeguard meaningful access to this Court under 28 USC §2241 and the All Writs Act, 28 USC §1651.

46. Requiring undersigned habeas counsel to file an administrative Form G-28 as a prerequisite to receiving agency disclosures in connection with this federal habeas action is an arbitrary administrative barrier that interferes with this Court's jurisdiction under 28 USC §2241 and Petitioner's constitutional right to counsel. The Ninth Circuit has

expressly condemned administrative practices that erect barriers to representation and interfere with an attorney's ability to represent a client effectively. *See* Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 565 (9th Cir. 1990). The Local Rules of the Central District of California, not internal agency administrative forms, govern the appearance and service rights of counsel admitted before this Court.

47. Therefore, this Court should order Respondents to immediately serve on undersigned habeas counsel copies of all administrative documents concerning Petitioner that currently exist, as well as any documents issued in the future, without requiring undersigned habeas counsel to submit a Form G-28.

## VIII. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF** (Unlawful Executive Detention – Violation of Fifth Amendment Due Process & the INA)

48. Petitioner incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

49. Respondents' continued detention of Petitioner without legal authorization, predicated on an unlawful, warrantless arrest, an absence of flight risk, and a fabricated intake record, violates the INA and the Due Process Clause of the Fifth Amendment.

**SECOND CLAIM FOR RELIEF** (Unlawful Seizure – Violation of the Fourth Amendment)

50. Petitioner incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. ICE agents arrested and detained Petitioner without probable cause, executing a custodial arrest based on an unproduced warrant which purportedly applied to another individual after affirmatively confirming Petitioner's true identity via his California driver's license. This seizure violated Petitioner's fundamental rights under the Fourth Amendment to the U.S. Constitution.

**THIRD CLAIM FOR RELIEF** (Violation of the District Court Order)

52. Petitioner incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

53. Respondents detained Petitioner without a valid warrant and without probable cause to believe he was a flight risk, directly violating the District Court's September 16, 2026 class action order restricting such detention.

**FOURTH CLAIM FOR RELIEF** (Right to Direct Service on Habeas Counsel / Interference with Representation)

54. Petitioner incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55. Respondents' refusal or failure to serve all existing and future administrative documents directly on undersigned habeas counsel, or conditioning such service on the administrative filing of a Form G-28 by habeas counsel, improperly impairs Petitioner's access to counsel and undermines this Court's habeas jurisdiction under 28 USC §2241.

## IX. PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests that this Court:

01. Assume jurisdiction over this matter.

02. Declare that Petitioner's warrantless arrest on 09/17/2026, and subsequent detention violate the Fourth and Fifth Amendments to the U.S. Constitution.

03. Declare that Petitioner's arrest and detention violate the 09/16/2026, District Court class action order.

04. Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted.

05. Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody immediately.

06. Grant an immediate Stay of Removal enjoining Respondents from removing or transferring Petitioner from the Central District of California or the United States while

this habeas corpus proceeding is pending, General Order 26-05 paragraph 6 notwithstanding.

07. Order Respondents to serve directly on undersigned habeas counsel a complete copy of all administrative documents concerning Petitioner currently in existence, as well as any administrative documents issued in the future, without requiring undersigned habeas counsel to submit Form G-28.

08. Grant any further relief that this Court deems just and proper.

Respectfully submitted,

Dated: 09/25/2026

s/*Andrew J. Vazquez*,
Andrew J. Vazquez, Esq.
Attorney for Petitioner

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Valerio Mejia, and I submit this verification on his behalf. After conferring with Petitioner via telephone call on 09/22/2026, I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus regarding his arrest on 09/ 17/2026, in Fontana, CA, and his detention at Adelanto are true and correct to the best of my knowledge.

Dated: 09/25/2026,

s/*Andrew J. Vazquez*,
Andrew J. Vazquez, Esq.
Attorney for Petitioner