**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALERIO MEJIA,<br>Petitioner,<br>v.<br>WARDEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5705-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

## PROCEEDINGS

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus, etc." ("the Petition") on September 25, 2026. Respondents filed an Answer on October 5, 2026. Petitioner filed a Traverse on October 7, 2026.

## BACKGROUND

On September 17, 2026, agents of ICE approached, detained and arrested Petitioner, who reportedly had been a passenger in a vehicle driven by a target of an ICE investigation. According to Petitioner, the agents lacked any reasonable suspicion to detain him and lacked any warrant for his arrest. According to Petitioner, the arresting agents claimed to have a

warrant for a person whose last name was Mejia, but whose first name was "Valero." Petitioner's first name is Valerio. Petitioner reportedly showed the ICE agents his California driver's license (reflecting Petitioner's first name as "Valerio," not "Valero"), but the agents arrested Petitioner anyway. The agents also refused to show Petitioner the purported arrest warrant for "Valero Mejia." Petitioner has remained in ICE detention without a hearing since the time of his arrest.

In the Answer, Respondents do not deny Petitioner's assertions regarding the material circumstances of the September 17, 2026 detention and arrest. In the Answer, Respondents do not suggest that the ICE agents had any evidence supporting reasonable suspicion for detention or probable cause for arrest.[1] Respondents have failed to produce any evidence that the ICE agents had a warrant for Petitioner or for "Valero Mejia." Nor do Respondents offer any evidence that the ICE agents had any reason to believe that Petitioner was likely to escape before a warrant could be obtained for him. Respondents appear to concede that Petitioner should be entitled to a bond hearing, but oppose any such relief based on Petitioner's alleged failure to exhaust available administrative remedies.

## DISCUSSION

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in

[1] An attachment to the Answer does assert that Petitioner subsequently "admitted he was a citizen of Mexico." Petitioner denies having made any such admission. Resolution of this factual dispute is not material to the Court's ruling herein.

violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

Respondents have failed to justify the assertedly suspicionless and warrantless nature of Petitioner's detention and arrest. Section 287.8(b)(2) of Title 8 C.F.R. provides that an immigration officer "may briefly detain [a] person for questioning" only "[i]f the immigration officer has a reasonable suspicion, based on specific articulable facts, that the person being questioned is, or is attempting to be, engaged in an offense against the United States or is an alien illegally in the United States." There is no showing on this record of any "reasonable suspicion" for the ICE agents' initial detention and questioning of Petitioner. Therefore, the initial detention and questioning of Petitioner violated the federal regulation. See Vasquez Perdomo v. Noem, 790 F. Supp. 3d 850, 891 (C.D. Cal. 2025); see also Sanchez v. Sessions, 904 F.3d 643, 656 (9th Cir. 2018) ("[R]ace and ethnicity alone can never serve as the basis for reasonable suspicion.").

The detention also violated a different federal regulation: 8 C.F.R. section 287.8(c)(ii). This regulation prohibits a warrantless arrest unless the immigration officer "has reason to believe that the person is likely to escape before a warrant can be obtained." On the present record, there is no evidence of any warrant and no evidence of any "reason to believe" Petitioner was likely to escape before a warrant could be obtained. See, e.g., Zaragoza v. Chestnut, 2026 WL 2049841 (E.D. Cal. July 15, 2026); see also Vasquez Perdomo v. Mullin,

2026 WL 2751388, at *31 (C.D. Cal. Sept. 2, 2026) (enjoining ICE and others "from enforcing their policy and practice of making warrantless civil immigration arrests in this District without a prearrest individualized determination by the arresting agent or officer of probable cause that the person being arrest is likely to escape before a warrant can be obtained . . .").

It should go without saying that federal agencies, including ICE, must follow federal law, including federal regulations. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954); see also Morton v. Ruiz, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). Even more fundamentally, Petitioner's continuing detention without any hearing has violated his due process rights under the federal constitution. See Mathews, at 333; cf. Ramirez-Serna v. Mullin, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna").

Respondents suggest that any remedy should be limited to a belated bond hearing before an immigration judge. The suggestion is inapt. A belated bond hearing would not remedy the federal law violations Petitioner unjustifiably has suffered. The most appropriate remedy for these violations is to release Petitioner from detention immediately. See, e.g., Domingo v. Kaiser, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention"); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); cf. Romero-Perez v. Blanche, 2026 WL 1724752, at *4 (D. Nev. June 15, 2026) ("[O]rdering a bond here would effectively allow the government to transform an unlawful detention into a lawful one through *post-hoc* justifications. . . . The Court will not bless Respondents' detain first, justify later approach to peoples' liberty. . . .") (citations and quotations omitted).

///

///

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). Petitioner should not be required to forestall seeking this Court's assistance until after an immigration judge (and the Board of Immigration Appeals) have completed administrative proceedings. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

## CONCLUSION

For all of the foregoing reasons, it is ordered that Respondents release Petitioner from detention immediately.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 7, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE